**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD W. DUNLAP, | No.    16-35259 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-00242-SLG |
| v. | |
| ANCHORAGE POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted October 3, 2017
Seattle, Washington

Before:  LIPEZ,[**] WARDLAW, and OWENS, Circuit Judges.

Donald W. Dunlap (Dunlap) appeals from the district court's grant of

summary judgment in favor of Officer Shaun Henry (Henry), the Anchorage Police

Department (APD), and the Municipality of Anchorage (MOA).  Henry arrested

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kermit Victor Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Dunlap pursuant to an Alaska statute requiring individuals to notify police officers of concealed weapons on their person after Henry viewed multiple weapons in Dunlap's vehicle of which Dunlap failed to notify Henry. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Although the district court complied with the instructions of a different three-judge panel of this court and addressed the applicability of *Heien v. North Carolina*, 135 S. Ct. 530 (2014) on remand, we decline to address what import, if any, *Heien* has on the instant appeal. Instead, we affirm the district court's grant of summary judgment on the basis that Henry is entitled to qualified immunity for Dunlap's 42 U.S.C. § 1983 claims because any constitutional right violated by Henry was not clearly established at the time of Dunlap's arrest. *See Burrell v. McIlroy*, 464 F.3d 853, 855 (9th Cir. 2006) (in reviewing grant of summary judgment, we "may affirm on any basis supported by the record").

Henry is entitled to qualified immunity if (1) he did not violate a constitutional right, or (2) the right was not clearly established at the time of his challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). In the unlawful-arrest context, this two-prong test asks: "(1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to

2

the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011).

Assuming for the purposes of this appeal that Henry lacked probable cause to arrest Dunlap and therefore violated a constitutional right in doing so, the "contours [of that right] [were not] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation marks omitted). Specifically, it was unclear whether a reasonable officer could have believed he had probable cause to arrest Dunlap under the state and local laws regarding concealed weapons. *See Picray v. Sealock*, 138 F.3d 767, 771-72 (9th Cir. 1998) (holding that officers were entitled to qualified immunity for arrest because they could reasonably have concluded under the circumstances that Picray's conduct violated multiple state laws; subsequent acquittal on one charge was "not determinative of qualified immunity").

The legal framework governing the probable cause determination was contradictory and confusing, and the singular case on which Dunlap relies, *De Nardo v. State*, 819 P.2d 903 (Alaska Ct. App. 1991), does not resolve that confusion. For a right to be "clearly established," "a case directly on point" is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. *De Nardo* did not place

3

beyond debate the question of whether "on the person" applies to concealed weapons located within easy reach, as *De Nardo* explicitly declined to define the "outer boundaries" of "on the person" and did not address the concealed weapons laws in a factual context similar to that of the instant appeal. 819 P.2d at 908. Moreover, no case law or statutory definitions clarify how the combination of Alaska Statute 11.61.220 and Anchorage Municipal Ordinance 8.25.020 operate under the circumstances at issue here. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 476 (9th Cir. 2007) (holding that defendants were entitled to qualified immunity for arrest under California trespass statutes, which did not define key terms and were not clarified by California case law).

Accordingly, Dunlap fails to carry his burden of demonstrating that the right allegedly violated was clearly established. *See Davis v. Scherer*, 468 U.S. 183, 197 (1984) ("A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue."). The district court correctly held that Henry is entitled to qualified immunity.

The conclusion that Henry is entitled to qualified immunity does not resolve Dunlap's § 1983 claims against APD and MOA; however, Dunlap did not address those claims on appeal. Nor did he address his state law claims against Henry. Accordingly, those claims are waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052

4

(9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**